TAM:NJB:mel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAH McKENNEY,** | : | **No. 1:CV-07-0594** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Caldwell, J.)** |
| | : | |
| **WARDEN TROY WILLIAMSON,** | : | |
| **Respondent** | : | **Filed Electronically** |

**RESPONSE TO THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

## I. Procedural History

This is a habeas corpus matter brought under 28 U.S.C. § 2241, by a federal prisoner, Shah McKenney, who presently is confined at the United States Penitentiary in Lewisburg, Pennsylvania. McKenney is in the custody of the Federal Bureau of Prisons pursuant to his conviction on firearm charges brought against him in the United States District Court for the District of Rhode Island.

In his habeas petition, McKenney challenges his criminal conviction, claiming the conviction "was obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." See Petition (doc. 1) at 3. McKenney claims his remedy under 28 U.S.C. § 2255 is inadequate

as he waived his right to seek such a collateral attack in his plea agreement. Id. at 6.

As explained below, McKenney cannot challenge his federal conviction through a § 2241 petition and his habeas petition should be dismissed for lack of jurisdiction.

## II. Statement of the Case

On January 12, 2005, McKenney was indicted by a federal grand jury sitting in the United States District Court for the District of Rhode Island. See Ex. 1 (Criminal Docket for Case #1:05-cr-00003-T-ALL), doc. 11. On February 12, 2005, the government filed an information under the Armed Career Criminal Act ("ACCA") alleging that McKenney previously had been convicted in Rhode Island of three serious drug offenses. Id., doc. 20. See also United States v. McKenney, 450 F.3d 39, 40 (1st Cir. 2006). On May 2, 2005, McKenney pled guilty to the indictment charging him with violations of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. See Ex. 1, doc. 25-26. In the plea agreement and at the hearing during which McKenney pled guilty, McKenney indicated that he understood that if he were found to be an armed career criminal under the ACCA, his sentence would be at least fifteen years and could go as high as life. United States v. McKenney, 450 F.3d at 41, n.2.

On July 21, 2005, McKenney was sentenced under the ACCA to the minimum sentence of fifteen years. 450 F.3d at 40. McKenney appealed the sentence raising two issues: (1) whether a state conviction for conspiracy to violate a state controlled substances law by agreeing to possess with intent to deliver cocaine is a conviction for an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is therefore a "serious drug offense" within the meaning of the ACCA; and, (2) whether his Fifth and Sixth Amendment rights were violated because the indictment neither alleged a violation of 18 U.S.C. § 924(e) nor alleged three prior convictions, and because he did not admit, and a jury did not find beyond a reasonable doubt, that the ACCA's sentence enhancement applied. The First Circuit affirmed McKenney's sentence on June 8, 2006. Id.

McKenney never appealed his conviction. Nor has he filed any petitions challenging his conviction or his sentence pursuant to 28 U.S.C. § 2255. Id. Rather, on March 29, 2007, McKenney filed this habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, where he is confined. Here, McKenney challenges his conviction claiming his plea agreement was coerced.

For the reasons set forth below, the government requests that the habeas petition be denied for lack of jurisdiction.

## III. Question Presented

Should McKenney's petition be dismissed as he cannot challenge his federal criminal conviction and sentence via a § 2241 habeas petition?

Suggested answer in the affirmative.

## IV. Argument

### A. **Section 2255 is the Exclusive Means to Challenge a Federal Criminal Conviction or Sentence.**

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. §2241. In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Section 2255 specifically provides a remedy that is the equivalent to the relief historically available under the habeas writ. Hill v. United States, 368 U.S. 424, 427 (1962)("[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.").

Section 2255 motions, thus, are the exclusive means by which a federal prisoner can challenge a conviction or sentence that

allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683 (3rd Cir. 1954). See also Coady v. Vaughn, 251 F.3d 480, 484 (3rd Cir. 2001)(a state petitioner must file his challenge to his conviction under 28 U.S.C. § 2254, rather than § 2241, because "the more specific statute takes precedence over the more general one," particularly when utilizing the more general statute "'would undermine limitations created by a more specific provision'").

Accordingly, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). See also Strollo v. Alldrege, 463 F.2d 1194, 1195 (3d Cir. 1972)("as to issues cognizable by the sentencing court under § 2255, a motion under that section supersedes habeas corpus and provides the exclusive remedy.").

The only exception, *i.e.*, when a federal prisoner nevertheless can seek habeas relief under § 2241, is when § 2255 proves "inadequate or ineffective" to test the legality of detention. 28 U.S.C. § 2255; Davis, 417 U.S. at 343; Dorsainvil, 119 F.3d at 251; Vial, 115 F.3d at 1194. As discussed below, this exception rarely exists and does not apply if a defendant has failed to obtain § 2255 relief or a defendant cannot satisfy

the limitations imposed on bringing § 2255 motions or filing successive § 2255 motions.

**B. Limitations on Bringing § 2255 Motions and Successive §2255 Motions.**

In 1996, Congress amended § 2255 through AEDPA.[1] One significant change is that prisoners must file their § 2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest. See 28 U.S.C. § 2255. Further, a prisoner cannot appeal the denial of a § 2255 motion unless a certificate of appealability issues and then, at that, a certificate of appealability can issue ***only if*** the applicant has made a substantial showing of the violation of the denial of a constitutional right. There is absolutely no right to appeal the denial of nonconstitutional issues. United States v. Cepero, 224 F.3d 256, 262-68 (3d Cir. 2000)(*en banc*). See also United States v. Brooks, 245 F.3d 291, 292-93 (3d Cir. 2001)(on panel rehearing) (inability to hear appeal of denial of § 2255 motion pursuant to Cepero does not violate the Suspension Clause of the Constitution).

Another change to 28 U.S.C. § 2255 is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under § 2255. A second or successive § 2255 motion now can be made only if the

---

[1] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. §2255).

appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. § 2255; Vial, 115 F.3d at 1194-95. See also Tyler v. Cain, 533 U.S. 656, 661 (2001)(AEDPA "greatly restricts the power of federal courts to award relief to ... prisoners who file second or successive habeas corpus applications")(state prisoners).[2]

AEDPA is, in part, Congress' codification of long-held legal principles involving ease of administration and the interest in promoting the finality of judgments. While it is beyond doubt that a conviction must be obtained in a manner that comports with the Constitution, our system of justice affords a defendant the opportunity to challenge his/her conviction through a direct appeal and in a collateral § 2255 motion. See Daniels v. United States, 532 U.S. 374, 380-81 (2001).

Critically, "[t]hese vehicles for review ... are not available indefinitely and without limitations. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of administrative remedies, operate to limit access to review on the merits of a

---

[2] As the Tyler Court described:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions [under § 2244(b)(2)].

Tyler, 533 U.S. at 661.

constitutional claim." Daniels, 532 U.S. at 381; id. at 382 (holding that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the "defendant is without recourse").

One of the principles vindicated by these limitations "is a 'presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, *even when the question is waiver of constitutional rights*.'" Daniels, 532 U.S. at 381 (emphasis added)(quoting Parke v. Raley, 506 U.S. 20, 29 (1992)). See also United States v. Miller, 197 F.3d 644, 651 (3rd Cir. 1999)(AEDPA was intended to codify the judicial doctrine of abuse of writ and to create a modified res judicata rule to prevent petitioners from relitigating habeas claims absent exceptional circumstances).

Summarizing, therefore, § 2255 is the exclusive means by which a defendant can challenge his federal conviction. Moreover, the availability of this form of collateral review of a conviction is limited both temporally (a one-year statute of limitations) and in number (only one § 2255 motion unless one of two *narrow* circumstances occur). As explained next, the failure to satisfy the stringent gatekeeping requirements on § 2255 motions imposed by AEDPA does not constitute one of the exceptions where a § 2255 motion is "inadequate or ineffective"

so as to permit a defendant to challenge his/her federal conviction via a § 2241 habeas petition.

**C. The Inability to Satisfy the Gatekeeping Provisions Imposed by AEDPA Does Not Permit a Defendant to Challenge His/Her Federal Conviction or Sentence by a § 2241 Habeas Petition.**

In Dorsainvil, this Court addressed the "inadequate and ineffective" exception of § 2255, known as the "safety-valve" clause or "savings" clause of § 2255, and held that it ***must*** be construed ***strictly***. 119 F.3d at 251 (emphasis added) (collecting cases). The Court made it clear that § 2255 would not be found to "be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." Id. at 251. See also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (petitioner cannot evade AEDPA's requirements for second or successive § 2255 petitions by filing a writ of coram nobis).

This principle was reiterated more recently in Cradle v. United States, 290 F.3d 536 (3d Cir. 2002). In Cradle, the Third Circuit emphasized that a motion to vacate sentence under § 2255 is **not** inadequate or ineffective to test the legality of a federal prisoner's detention -- so as to permit the prisoner to seek habeas relief -- merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent

gatekeeping requirements of the amended version of § 2255. Rather, the court held that the habeas exception recognized in § 2255 was merely to ensure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Id. at 538-39.

Thus, the availability of § 2241 to challenge a federal conviction is extremely limited and "is now reserved for rare cases." Dorsainvil, 119 F.3d at 250. As recognized in Dorsainvil, a prisoner can pursue habeas relief under the savings clause of § 2255 typically only where a subsequent statutory interpretation reveals that the prisoner's *conduct is not criminal* so as to avoid a complete miscarriage of justice. The safety-valve clause of § 2255 otherwise does not apply. Id.[3] See also Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000); Brown v. Mendez, 167 F.Supp.2d 723, 726-27 (M.D. Pa. 2001).

In light of these legal principles, McKenney cannot raise his claim that his plea agreement was involuntary and coerced via

[3] In United States v. Brooks, (3rd Cir. 2000), *opinion sur panel rehearing*, 245 F.3d 291 (3rd Cir. 2001), the Third Circuit confirmed that § 2241 may not be used to escape the procedural limitations imposed by the AEDPA. The Court of Appeals recognized that in Dorsainvil, by the time it was decided that the *defendant's conduct was not criminal at all*, Dorsainvil had no recourse to § 2255 to redress the situation. In contrast, where a defendant could have availed himself of § 2255 to address his grievance but was now barred due to AEDPA's procedural rules, recourse to § 2241 was impermissible. Accordingly, the Circuit held that the petitioner could not challenge his conviction in the Court of Appeals under § 2241 simply because AEDPA barred an appeal of the district court's decision as to his § 2255 petition. Brooks, 230 F.3d 648-49.

a § 2241 habeas petition as it does not fall within the limited exception recognized in Dorsainvil, 119 F.3d 245. McKenney could have raised this claim on direct appeal but failed to do so. His current inability to utilize § 2255 because of the terms of his plea agreement does not render § 2255 inadequate or ineffective. McKenney cannot sidestep the restrictions on filing successive § 2255 motions by challenging his conviction in a § 2241 habeas petition. To permit such a result would eviscerate Congress' intent in amending § 2255. Dorsainvil, 119 F.3d at 251. Accordingly, the habeas petition should be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.[4]

---

[4] Should the Court believe that the issues asserted by McKenney are properly raised in a § 2241 petition, Respondent requests that additional time be granted to respond so that the United States Attorney's Office for the District of Rhode Island which prosecuted McKenney, can prepare a response to the merits of any such claims.

## V. Conclusion

For the above-stated reasons, McKenney's petition for a writ of habeas corpus should be dismissed for lack of jurisdiction.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

/s/ Nathanael J. Byerly
NATHANAEL J. BYERLY
Special Assistant U.S. Attorney
PA 85679
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone: 717-221-4482
Fax: 717-221-2246

Date: June 11, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAH McKENNEY,** | : | **No. 1:CV-07-0594** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Caldwell, J.)** |
| | : | |
| **WARDEN TROY WILLIAMSON,** | : | |
| **Respondent** | : | **Filed Electronically** |

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 11, 2007, she served a copy of the attached

**RESPONSE TO THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Shah McKenney
Reg. No. 05552-070
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

s/ Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist