```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND


SHAH MCKENNEY,                         :
              Petitioner,              :
                                       :
     v.                                :       CA 08-91 S
                                       :
TROY WILLIAMSON, WARDEN,               :
              Respondent.              :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Shah McKenney ("McKenney" or "Petitioner"), *pro se,* has filed a petition for a writ of habeas corpus seeking release from confinement pursuant to 28 U.S.C. § 2241.  See Petition for Writ of Habeas Corpus by a Person in Federal Custody (Document ("Doc.") #1) ("Petition").  He subsequently filed an amended petition.  See Petition for Writ of Habeas Corpus (Doc. #5) ("Amended Petition").  Respondent Troy Williamson, Warden ("Williamson" or "Respondent"), has filed a response to the Amended Petition.  See Response to the [Amended] Petition for Writ of Habeas Corpus (Doc. #8) ("Response").

The matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  I have determined that no hearing is necessary. For the reasons that follow, I recommend that the Petition and the Amended Petition be recharacterized as a petition brought pursuant to 28 U.S.C. § 2255, with appropriate notification, warning regarding consequences, and opportunity to withdraw or amend to Petitioner.

**Background**

On May 2, 2005, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See United States v. McKenney, 450 F.3d 39, 40 (1st Cir. 2006);

Docket in United States v. McKenney, CR 05-03 T (D.R.I.).  He was sentenced on July 21, 2005, to the minimum sentence of fifteen years in prison pursuant to the Armed Career Criminal Act ("ACCA"),[1] 18 U.S.C. § 924(e).  See McKenney, 450 F.3d at 40; Docket in United States v. McKenney, CR 05-03 T.  Petitioner appealed his sentence to the Court of Appeals for the First Circuit, which affirmed his sentence in an opinion dated June 8, 2006.  See McKenney, 450 F.3d at 46.

McKenney filed his Petition in the U.S. District Court for the Middle District of Pennsylvania on March 29, 2007.  See Docket in McKenney v. Williamson, CA 08-91 S (D.R.I.) ("Docket").  On May 21, 2007, he filed the Amended Petition.  See id.  On that same date, Respondent was directed to answer the allegations in the Amended Petition.  See id.; see also Order dated May 21, 2007 (Doc. #6).  The Response was filed on June 11, 2007.  See Docket.

On February 11, 2008, the case was transferred to the District of Rhode Island.  See Memorandum and Order dated February 11, 2008 ("Memorandum and Order of 2/11/08") (Doc. #9). Thereafter, the Petition and Amended Petition were referred to this Magistrate Judge for findings and recommendations.  See Docket.

**Discussion**

Petitioner contends that (1) his guilty plea "was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea," Amended Petition at 3, and that he "didn't even remember the majority of what was briefly explained [t]o [him] by counsel concerning the plea," id. at 4; and (2) that none of his state "possessory drug

---

[1] "The ACCA imposes a mandatory minimum 15-year sentence on anyone who violates § 922(g)(1) and who has three previous convictions for a violent felony or a serious drug offense." Daniels v. United States, 532 U.S. 374, 376, 121 S.Ct. 1578, 1580 (2001)(citing 18 U.S.C. § 924(e)(1)).

2

crimes (priors) were felonies, as defined under Federal Law[;] thus, they weren't aggra[v]ated felonies as that term is used in federal sentencing laws," id.  He has filed his Petition and Amended Petition pursuant to 28 U.S.C. § 2241,[2] see Petition at 1, claiming that 28 U.S.C. § 2255[3] is unavailable to

---

[2] Section 2241 provides, in relevant part, that:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.  The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
> (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.
> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.
>
> ....

28 U.S.C. § 2241.

[3] Section 2255 provides that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

3

---

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
(c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
(d) An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
(e) **An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**
(f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

him because he "was informed that [he] couldn't file a motion under Section 2255 because [he'd] waived such collateral attack," Amended Petition at 6.  Respondent argues that "McKenney cannot challenge his federal conviction through a § 2241 petition and his habeas petition should be dismissed for lack of jurisdiction."  Response at 2.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.  It is not an additional, alternative, or supplemental remedy to § 2255.  A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." Bradshaw v. Story, 83 F.3d 164, 166 (10th Cir. 1996)(internal citations omitted); accord Kinder v. Purdy, 222 F.3d 209, (5th Cir. 2000) ("[A] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)

---

(g) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.
(h) **A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--**
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (bold added).

5

("Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences ...."); see also In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997) ("Ever since 1948, when Congress enacted § 2255 to allow for collateral review of the sentences of federal prisoners in the trial court, that section, rather than § 2241, has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement.").

It is clear in the instant matter that Petitioner is challenging the legality of his conviction and sentence. See Amended Petition at 3 ("Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.")(citing Domenica v. United States, 292 F.2d 483 (1st Cir. 1961)); id. ("Justices say possessory Drug Crime that is felony under state law, but would be misdemeanor under Federal Law isn't aggravated felony, as that term is used in federal sentencing laws ....")(citing Lopez v. Gonzales, 549 U.S. 47, 127 S.Ct. 625 (2006)).

> The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.

Bradshaw, 83 F.3d at 166 (internal citations and quotation marks omitted); see also In re Dorsainvil, 119 F.3d at 249 (noting that "in a case where the Section 2255 procedure is shown to be

'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing") (quoting United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 274 (1952)).

As noted above, Petitioner alleges that § 2255 is unavailable to him because he "waived such collateral attack," Amended Petition at 6. However, Petitioner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241 ...." Barrett, 178 F.3d at 38.

> A petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA[4] "second or successive" requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture. See, e.g., In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241. That can't be right; it would nullify the limitations."); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' ... then Congress would have accomplished nothing at all in its attempts—through statutes like the AEDPA—to place limits on federal collateral review."); In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir. 1997)(stating that inadequacy or ineffectiveness cannot be established "merely because th[e] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255," because "[s]uch a holding would effectively eviscerate Congress's intent in amending § 2255"); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(stating that § 2255 is not inadequate or ineffective simply "because an individual is procedurally

---

[4] Antiterrorism and Effective Death Penalty Act.  See Barrett, 178 F.3d at 38.

> barred from filing a § 2255 motion").

Barrett, 178 F.3d at 50 (alterations in original); accord Kinder v. Purdy, 222 F.3d at 213 ("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render [§ 2255's and § 2244's] procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.")(alteration in original)(citation omitted); see also Cradle v. United States, 290 F.3d 536, 538 (3rd Cir. 2002)("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

Petitioner has made no showing that § 2255 is "inadequate or ineffective," 28 U.S.C. § 2255(e), thereby permitting him to proceed pursuant to § 2241, see United States v. Brooks, 245 F.3d 291, 292 (3rd Cir. 2001)("§ 2241 is available to a prisoner in federal custody only where the remedy provided under § 2255 is 'inadequate or ineffective'"); see also Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001)("It is the petitioner's burden to prove that the remedy afforded by § 2255 is inadequate or ineffective."). He has simply stated that he was advised § 2255 was unavailable to him. See Amended Petition at 6.

Whether Petitioner is or is not barred by his plea agreement from filing a § 2255 motion is unclear to the Court. Cf. Rivera v. United States, No. 98 Civ. 5377(PKL), 1999 WL 587792, at *3 (S.D.N.Y. Aug. 5, 1999)(declining to review petitioner's claim under § 2241 because petitioner's only ground for relief was that he was procedurally barred from using § 2255, having waived that avenue of appeal in his plea agreement). However, the Court is

precluded from addressing this issue,[5] or the issues raised in the Petition and Amended Petition, on the merits because it lacks jurisdiction over a petition brought pursuant to § 2241.  See Bradshaw, 83 F.3d at 166; see also Cradle, 290 F.3d at 538 ("[U]nder the explicit terms of 20 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."); Barrett, 178 F.3d at 52-53 (finding that petitioner who had opportunity to present claim in § 2255 petition but failed to do so was not entitled to § 2241 habeas relief).  The U.S. District Court for the Middle District of Pennsylvania reached the same conclusion.  See Memorandum and Order of 2/11/08 at 4 ("Because section 2255 is not inadequate or ineffective, we lack

---

[5] There is nothing in the plea agreement which explicitly precludes a collateral attack via § 2255.  See United States v. McKenney, CR 05-03 T, Plea Agreement filed on April 12, 2005 (Doc. #25).  However, at Petitioner's change of plea hearing, U.S. District (now Senior) Judge Ernest C. Torres advised Petitioner that:

> THE COURT: ... if the jury should find you guilty, you would have a right to appeal not only any sentence that the Court might impose, but you could also appeal claiming that a mistake had been made and you really were not guilty or the evidence didn't prove you guilty.  On the other hand if you plead guilty, if your guilty plea is accepted, you may or may not have a right to appeal your sentence depending on the circumstances, but you would not be able to appeal claiming that a mistake had been made and you're really not guilty, because you will have admitted your guilt.
>    Now, do you understand what all of those rights are that I've mentioned?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you understand the difference between what happens if you plead guilty as opposed to what happens if you plead not guilty?
>
> THE DEFENDANT: Yes.

Transcript of Change of Plea Hearing on May 2, 2005, in United States v. McKenney, CR 05-03 T, at 17-18.

jurisdiction over this 2241 petition.").

That is not the end of the matter, however. "Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently." Castro v. United States, 540 U.S. 375, 377, 124 S.Ct. 786, 789 (2003); see also id. at 381, 124 S.Ct. at 791 ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.")(citing, *inter alia*, Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000)); cf. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972)(noting that *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers). Courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Castro, 540 U.S. at 381-82, 124 S.Ct. at 791-92 (internal citations omitted). Indeed, U.S. District Judge William W. Caldwell, of the Middle District of Pennsylvania, recognized this possibility when he transferred the action to the District of Rhode Island. See Memorandum and Order of 2/11/08 at 2 ("We will ... transfer it to the District of Rhode Island to allow that court to decide if it will adjudicate Petitioner's claims under section 2255."); id. at 6 ("We therefore believe that this case should be transferred to the District of Rhode Island so that the sentencing court can have the opportunity to consider it as a 2255 motion.").

In light of AEDPA, however, "[s]uch recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a

10

first) federal habeas motion." Castro, 540 U.S. at 377, 124 S.Ct. at 789. Accordingly, the Supreme Court has directed that before recharacterizing a *pro se* litigant's petition as a first § 2255 motion, a court must first "inform[] the litigant of its intent to recharacterize, warn[] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide[] the litigant with an opportunity to withdraw, or to amend, the filing." Id.; see also id. at 383, 124 S.Ct. at 792 (same).

In the instant case, if the Court were to dismiss McKenney's Petition and Amended Petition, he would be time-barred from filing a petition pursuant to § 2255. See 28 U.S.C. § 2255(f); see also Memorandum and Order of 2/11/08 at 4-5. Therefore, the Court recommends that the Petition and Amended Petition be recharacterized as a motion brought pursuant to § 2255, that Petitioner be informed of the proposed recharacterization, that he be warned of the implications of the recharacterization for filing second or successive petitions, and that he be given the opportunity to withdraw or amend the filing in order to include all of his potential claims. See Castro, 540 U.S. at 377, 383, 124 S.Ct. at 789, 792.

### Conclusion

For the reasons stated above, I recommend that the Court recharacterize McKenney's Petition and Amended Petition as having been brought pursuant to § 2255. Before so doing, the Court should notify Petitioner of its intent, warn him of the ramifications of such recharacterization,[6] and allow him the opportunity to withdraw or amend the Petition and Amended

---

[6] See 28 U.S.C. § 2255(h) (setting forth restrictive conditions that federal law imposes upon a second or successive federal habeas motion); see also Castro v. United States, 540 U.S. 375, 377, 124 S.Ct. 786, 789 (2003)(noting serious consequences for prisoner of recharacterization).

11

Petition.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days[7] of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 16, 2008

---

[7] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).