UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHAH MCKENNEY,                          )
                    Petitioner          )
                                        )
                                        )   CA No. 08-91
      v.                                )
                                        )
TROY WILLIAMSON, WARDEN,                )
                    Respondent          )
                                        )
                                        )

ORDER NOTIFYING PETITIONER OF RECHARACTERIZATION OF AMENDED
PETITION AS A MOTION UNDER 28 U.S.C. § 2255

For the reasons stated in the Report and Recommendation of
Magistrate Judge Martin ("R&R"), as adopted by the Court in its
separate Order issued on this date, the Court intends to
recharacterize Petitioner's Amended Petition, originally filed
pursuant to 28 U.S.C. § 2241, as a motion under 28 U.S.C. § 2255.
In <u>Castro v. United States</u>, 540 U.S. 375 (2003), the Supreme Court
set forth the requirements for notice to litigants in Petitioner's
position:

> [R]echaracterization can have serious consequences for
> [a] prisoner, for it subjects any subsequent motion under
> § 2255 to the restrictive conditions that federal law
> imposes upon a "second or successive" (but not upon a
> first) federal habeas motion.   In light of these
> consequences, we hold that the court cannot so
> recharacterize a <u>pro</u> <u>se</u> litigant's motion as the
> litigant's first § 2255 motion <u>unless</u> the court informs
> the litigant of its intent to recharacterize, warns the
> litigant that the recharacterization will subject
> subsequent § 2255 motions to the law's "second or
> successive" restrictions, and provides the litigant with
> an opportunity to withdraw, or to amend, the filing.

<u>Id.</u> at 377 (emphasis in original) (internal citations omitted).

Accordingly, the Court hereby NOTIFIES PETITIONER AS FOLLOWS:

If you choose to continue this lawsuit, the Court will characterize your motion as a habeas corpus petition under 28 U.S.C. § 2255. This will have serious consequences under federal law. Your current motion will count as your first § 2255 petition. This means that if the current lawsuit is not resolved in your favor, any future habeas petition you may choose to file will have to meet special requirements.

Specifically, if you choose to proceed with this case, but there is a decision against you, to bring another habeas action you will have to comply with § 2255 (h). That section says:

> (h) A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h) (2009). What this means in plain terms is that, before you could file another lawsuit about your conviction or sentence, one of two things would have to happen:

One, you could find new evidence that, if presented at trial, would have resulted in you being found not guilty. The evidence would have to prove by "clear and convincing evidence" that you would not have been convicted. This is a very high standard. The

2

new evidence would also have to have been unavailable to you before. Only evidence that you were unable to discover until after the decision in this lawsuit would qualify.

Two, the Supreme Court of the United States could decide a case that changes constitutional law as it applies to your conviction or sentence.  You would have to argue that the case makes a new rule that means your conviction or sentence is unconstitutional.  The new case would have to be decided after the decision in this lawsuit.  Moreover, the Supreme Court would have to declare that its new decision applies "retroactively."  This means that it could be used to attack convictions, like yours, that happened before the new case was decided.

In either instance, you would first have to ask the Court of Appeals for the First Circuit for permission to file a new motion in district court.  To proceed, you would have to make a "prima facie showing" of one of the two claims explained above.  See 28 U.S.C. § 2244 (b)(3)(C).  In other words, you would have to show that you have a legitimate basis for making one of those two arguments in a full habeas corpus motion.

It is up to you whether you want to have the Court consider the Amended Petition as a § 2255 motion.  You have two other options.  First, you could choose to file a Motion to Amend your Amended Petition and file it as a § 2255 motion.  This would allow you to ask the Court for permission to change your claims, or add

or subtract claims. Respondent would have the opportunity to oppose your Motion to Amend. Second, it is also your right to withdraw the Amended Petition altogether. In that case, your current lawsuit would not count as your first § 2255 petition. If you chose this option, any future § 2255 petition you filed would not have to meet the "second or successive" requirements of § 2255(h) described above.

However, you should be aware that the **one-year limitation period for bringing § 2255 motions has expired in your case**, as measured from the date your conviction became final in 2006. <u>See</u> 28 U.S.C. § 2255 (f)(1). Therefore, you may not be able to file another timely habeas petition if you withdraw this one. The Court cannot tell you whether any exception to the one-year limitation period would apply in your case, because that question is not before the Court.

The Court is aware that you are unrepresented by counsel. However, if possible, you should consult with a lawyer or someone else who might be able to advise you about the issues discussed above before making your decision.

The Court hereby grants you 60 days to decide how to proceed. Within that time, you must either

(i) write a letter to the Court, copying Respondent, indicating that you consent to having your Amended Petition characterized as a § 2255 Petition;

4

(ii) file a Motion to Amend the Amended Petition; or

(iii) withdraw the Amended Petition.

IT IS SO ORDERED.


_____

William E. Smith
United States District Judge
Date: November 19, 2009